IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DOROTHY M. JARVIS & JARRETT W. JARVIS, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 7:09-cv-92 (HL) |
| LOWNDES CO. GA. BOARD OF COUNTY COMMISSIONERS, | : |
| Defendants. | : |

## ORDER

Before the Court are Plaintiffs' Motions for Default Judgment (Docs. 7 and 26). For the following reasons, Plaintiffs' Motions are denied.

In their first Motion for Default Judgment, Plaintiffs assert that Defendants are in default because they were late in filing their answer to the complaint. Defendants filed the answer 21 days after they were served with the complaint, instead of within 20 days as required by Fed. R. Civ. P. 12(a)(1)(A)(i).[1]

"The entry of a default judgment is committed to the discretion of the district court . . . ." Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir.1985). A default judgment is available under Fed.R.Civ.P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. Fed. R. Civ. P 55(a).

The Court finds that Defendants are not in default. Although Defendants were one day late in filing their answer, such delay does not rise to the level of failure to plead.

---

[1] Amendments to the Federal Rules of Civil Procedure went into effect on December 1, 2009. Now, Fed. R. Civ. P. 12 provides that defendants have 21 days to answer after service of the complaint. In this case, the Court applies the previous version of Fed. R. Civ. P. 12 because the previous version was in effect at the time Defendants answered Plaintiffs' complaint.

They have also not failed to defend the case. Defendants have filed an answer, timely submitted a rules 16/26 discovery report, and filed a motion to dismiss. They have timely responded to Plaintiffs' Motions for Default Judgment. Thus, Defendants are not in default and Plaintiffs are not entitled to a default judgment.

In their second Motion for Default Judgment, Plaintiffs seek a default judgment because Defendants have not provided them requested items throughout the discovery process. Defendants state that they have now provided Plaintiffs all available discovery items.

The district court may enter a default judgment against a party who disobeys a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(vi). This sanction is appropriate only "where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders." <u>United States v. Certain Real Property Located at Route 1, Bryant, Ala.</u>, 126 F.3d 1314, 1317 (11th Cir. 1997) (citation omitted).

Taking Plaintiffs' allegations as true, Defendants' failure to provide Plaintiffs their requested discovery items does not amount to "flagrant disregard" of this Court's scheduling and discovery order. Plaintiffs are therefore not entitled to a default judgment. Plaintiffs are advised, however, that if discovery problems persist, they should file a motion to compel pursuant to Local Rule 37.

Accordingly, Plaintiffs' Motions for Default Judgment are denied.

**SO ORDERED**, this the 22nd day of January, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc