# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **DOROTHY M. JARVIS and, JARRETT W. JARVIS** | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : Civil Action No. 7:09-CV-92(HL) <br> : |
| **LOWNDES CO. GA. SHERIFF'S DEPARTMENT and LOWNDES CO. GA. BOARD OF COUNTY COMMISSIONERS,** | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## ORDER

Before this Court is Defendants Lowndes County Sheriff's Department ("Sheriff's Department") and Lowndes County Board of County Commissioners' ("County Commissioners") Motion to Dismiss (Doc. 24).

Pro se Plaintiffs Dorothy Jarvis and Jarrett Jarvis ("Plaintiffs") filed this action under 42 U.S.C. § 1983 on July 14, 2009, alleging that Defendants violated their Fourth and Fifth Amendment rights when two sheriff's deputies and an animal control officer removed Plaintiffs' two dogs from their property because the dogs did not have rabies tags on their collars. Plaintiffs are seeking $2.5 million in damages.

On November 25, 2009, Defendants filed a Rule 12(b)(6) Motion to Dismiss all of Plaintiffs' claims for failure to state a claim upon which relief may be granted. For the following reasons, Defendants' Motion is granted.

**I. Defendant Sheriff's Department is not a proper party to this action.**

Under Georgia law[1], "in every suit there must be a legal entity as the real plaintiff and the real defendant." Cravey v. Se. Underwriters Ass'n, 214 Ga. 450, 453, 105 S.E.2d 497, 500 (1958).Georgia recognizes three classes of legal entities: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi artificial persons as the law recognizes as capable to sue." Id. Sheriff's departments are not usually considered legal entities subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); See also, Lawal v. Fowler, 196 Fed. Appx. 765, 768 (11th Cir. Aug. 10, 2006) (unpublished) (concluding the plaintiff failed to state a claim because the county sheriff's department was not a legal entity subject to suit).

Therefore, because the Lowndes County Sheriff's Department is not a legal entity subject to suit, it is not a proper party to this lawsuit and Plaintiffs' claims against it are dismissed.

---

[1] The capacity to be sued in federal court is determined according to the law of the state where the district court is located. Fed. R. Civ. P. 17(b)(3). Therefore, Georgia law is controlling in this case. Id.

## II. Defendant County Commissioners is not liable for the actions of the sheriff's deputies or the animal control officer.

A government entity cannot be held liable under 42 U.S.C. § 1983 based upon theories of vicarious liability or respondeat superior. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). Rather, in order for a government entity to be liable under 42 U.S.C. § 1983, the government entity must be the moving force behind the alleged constitutional deprivation. Id. at 694, 98 S. Ct. 2037-38. Plaintiffs must demonstrate either (1) that Defendant County Commissioners directly participated in the alleged constitutional deprivation or (2) that there is some other causal connection between the officials' acts or omissions and the injury allegedly sustained. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). A causal connection can be established by showing that that the government entity implemented or promulgated an official policy or custom, and that this policy or custom resulted in the constitutional violation. Id.

Plaintiffs have neither demonstrated that Defendant County Commissioners directly participated in violating their constitutional rights nor specifically identified any policy or custom instituted by Defendant County Commissioners that violated their constitutional rights. Instead, Plaintiffs vaguely reference an "ordinance regulating rabies control." (Doc. 1). There is no further identification of this ordinance. The Court is not required to perform its own research or guesswork in order to discover which policy or custom Plaintiffs claim

3

Defendant violated. Rather, in order to survive the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6), Plaintiffs must provide the grounds for their entitlement to relief, sufficient to give Defendants fair notice of their claims and the grounds upon which they rest. Bell v. Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Relying merely on conclusory allegations is not sufficient to prevent dismissal. Id. Plaintiffs' complaint, when all allegations are taken as true, must be enough to raise a right to relief above the level of speculation. Id. Plaintiffs have failed to satisfy this standard. Therefore, Plaintiffs have not stated a claim against Defendant County Commissioners, and Plaintiffs claims against it are dismissed.

**SO ORDERED**, this the 17th day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

hss

4